TOM BISBY v. THE STATE.

No. 3445.   Decided October 10, 1906.

**Theft—Statement of Facts—Mandamus—Want of Diligence.**

Where upon appeal from a conviction of theft of property over the value of
$50, the statement of appellant's counsel did not show diligence on his part to see
that an order of the court authorizing the stenographer to make up a transcript
of the evidence was properly entered upon the minutes of the court; followed up
by an effort to get the stenographer to make up the statement as required by law,
the same did not authorize the writ of mandamus requiring the district judge to
send up the evidence.

Appeal from the Criminal District Court of Harris.   Tried below
the Hon. J. K. P. Gillaspie.

Appeal from a conviction of theft of property over the value of $50;
penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*W. A. Cook,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft of property
over the value of $50, and his punishment fixed at three years con-
finement in the penitentiary.

Appellant presents a sworn application, asking that this court grant
a writ of mandamus requiring the district judge to send up the evi-
dence adduced on the trial of this case.   The application shows the
following:   The term of court adjourned on June 30, 1906.   After
the overruling of his motion for new trial, appellant through his coun-
sel gave notice of appeal to this court, and then and there took leave
of the court to file an oath of said defendant, stating that defendant
was unable to pay for the transcript in said case; was unable to pay
for the stenographer's statement of the evidence in said cause, and was
altogether unable to pay for anything incident to the appeal of said
cause; that the district attorney upon hearing the stenographer of
said court say that he did not desire to contest said oath of inability
to pay the costs incident to the appeal of said cause, and upon it
appearing to said attorney that further evidence of defendant's in-
ability to pay said costs incident to the appeal was not required, the
appellant's attorney did not produce further evidence of defendant's
inability to pay the costs incident to said appeal; that notwithstanding
appellant's sworn statement of inability to pay the costs incident to
appeal, the judge of said court did fail to enter an order upon the
docket of said court directing the stenographer of said court to make
out and file in said court a statement of the evidence adduced on the

trial of said cause; and that the stenographer has not filed a statement of the written testimony.

This statement of appellant's counsel does not authorize the writ of mandamus. It shows no diligence on the part of appellant's counsel. He should have seen that the order authorizing the stenographer to make up a transcript of the evidence was properly entered upon the docket of the court and minutes of the court; and should have followed this up by an effort to get the stenographer to make up the statement as required by law. For a discussion of this matter see Baker v. State, 97 S. W. Rep., 81, decided October 17, 1906.

In the absence of a statement of facts, no error is made manifest, by this record, and the judgment is affirmed.

*Affirmed.*